UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELVIRA CASIANO,

      Plaintiff,

v.                              Case No.:  2:24-cv-0005-SPC-NPM

WAL-MART STORES EAST, LP,

      Defendant.
_____/

## ORDER

      Before the Court is Plaintiff Elvira Casiano's Motion for Remand (Doc. 12), and Defendant Wal-Mart Stores East, LP's opposition.  (Doc. 13).  This is a slip-and-fall negligence action that began in state court.  Defendant removed based on diversity jurisdiction.  (Doc. 1).  Now Plaintiff moves to remand to state court.

      A defendant may remove a civil case from state court if it can show diversity jurisdiction existed as of the date of removal by a preponderance of the evidence.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted).  Diversity jurisdiction exists if the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse citizens.  *See* 28 U.S.C. § 1332(a). Removal must occur within thirty days of the initial pleading, or if removable later, based on "an amended

pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(1), (3). When a case is removable later, the triggering pleading, motion or "other paper" must "provide an unambiguous statement that clearly establishes federal jurisdiction." *Stauffer v. Indian Harbor Ins. Co.*, No. 8:22-CV-1656-JSM-SPF, 2022 WL 3572413, at *2 (M.D. Fla. Aug. 19, 2022) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007)).

Plaintiff argues Defendant's removal on January 3, 2024, was untimely. According to Plaintiff, Defendant knew the amount in controversy exceeded $75,000 months before removal, on October 5, 2023, when it received Plaintiff's response to discovery requests. This response contained past medical bills totaling $59,518.52 and pre-operative clearance for a knee surgery scheduled for August 8, 2023, but for which no cost was provided. Plaintiff contends that this discovery constituted the "other paper" that unambiguously established the amount in controversy exceeded $75,000.

Defendant argues it could not ascertain the cost of the surgery in October based on the discovery provided, and it had no basis to believe the costs would increase the amount in controversy to over $75,000 because Plaintiff's September 19, 2023 requests for admissions denied that her damages exceeded $75,000. Defendant requested the missing surgery bills on November 13, 2023, and it was not until Plaintiff sent them on December 6, 2023, that it learned

2

the cost of the surgery tipped the amount in controversy over the jurisdictional threshold.

After considering the record against the applicable law, the Court finds that Defendant's removal is timely. Plaintiff's argument that the removal deadline was triggered by the October 5, 2023 discovery response is unconvincing. Any suggestion that the jurisdictional amount would be met by the surgery was purely speculative at this time absent some quantifiable information about its cost. In fact, Plaintiff later produced a surgical cost estimate dated May 22, 2023 (inexplicably not included in the October production), estimating the surgery to cost a total of $11,700. (Doc. 13-3). Combined with the other medical bills produced on October 5, this would place the amount in controversy at $71,218.52, below the threshold amount. Presumably, this is why Plaintiff herself denied that her damages exceeded $75,000 in her requests for admission.

At bottom, the first "other paper" that unequivocally established the amount in controversy exceeds $75,000 was the December 6, 2023 response, confirming Plaintiff's gross past medical expenses totaling $78,513.86.

Accordingly, it is

**ORDERED:**

Plaintiff Elvira Casiano's Motion for Remand (Doc. 12) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on April 4, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record